IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DANIEL KUHLER**,

    Plaintiff,

v.                                                                       No. 23-cv-624-WJ-GBW

**PHI HEALTH, LLC, D/B/A PHI AIR MEDICAL**,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR BILL OF COSTS**

**THIS MATTER** comes before the Court upon Defendant's Motion for Bill of Costs (**Doc. 44**). Having reviewed the filings,[1] considered counsels' arguments, and consulted the applicable law, the Court finds the Motion is well-taken and **GRANTS** the request.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." And 28 U.S.C. § 1920 lists what fees can be claimed in a bill of costs.

Local Rule 54 supplements this Federal Rule. *See generally* D.N.M. LR-Civ. 54.1. In a nutshell, the prevailing party must file a motion within 30 days including an itemized cost bill and an affidavit declaring the costs are allowable by law. *See id.* And much like 28 U.S.C. § 1920, Local Rule 54.2 outlines the permissible costs as: (1) transcripts, (2) depositions, (3) witness costs,

---

[1] Plaintiff Kuhler filed two Responses (**Docs. 45 & 46**). The filing itself is the same; but the second Exhibit (**Docs. 45-2 & 46-2**) are different. The former Exhibit is four pages long and shows Plaintiff's credit balance whereas the latter is a one-page snapshot of his credit report.
    Defendant filed its Reply (**Doc. 47**) to Plaintiff's Response in **Doc. 44**, so that is the filing the Court cites to as well.

(4) interpreter or translator fees, (5) copies of papers, and (6) maps, charts, photographs, and summaries. D.N.M. LR-Civ. 54.2(a)–(f); *see also* 28 U.S.C. § 1920(1)–(6).

## DISCUSSION

Here, Defendant provides an itemized costs bill (**Doc. 44 at 1–2**). These costs include three depositions and filing fees. *Id.* The total amount requested is $2,204.18. *Id.* **at 2**. The Motion was timely filed, by Local Rule. And the costs are supported by affidavit, as required (**Doc. 44-5**).

The costs for depositions are clearly allowable under D.N.M. LR-Civ. 54.2(b) and 28 U.S.C. § 1920(2). *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998). And the latter is allowable under 28 U.S.C. § 1920(5) and 28 U.S.C. § 1923. There is no doubt that the taxed materials were "necessarily obtained for use in the case." *In re Williams Sec. Litig.*, 558 F.3d 1144, 1149 (10th Cir. 2009). The request for the costs of three depositions and filing fees satisfy the prevailing party's low burden, at this stage. *See Cohlmia v. St. John Med. Ctr.*, 693 F.3d 1269, 1288 (10th Cir. 2012) (noting the burden of justifying costs is "not a high one").

Nevertheless, Plaintiff Kuhler asks the Court to deny, or reduce, costs based on "inability to pay." **Doc. 45 at 1**. Although indigency is a consideration, it is not an abuse of discretion to award costs where the non-prevailing party is indigent. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190–91 (10th Cir. 2004); *see also Sandle v. Principi*, 201 F. App'x 579, 583 (10th Cir. 2006) (unpublished). Here, the Court has reviewed the financial records disclosed—and they demonstrate Plaintiff Kuhler is able to pay. *See Sweger v. Texaco, Inc.*, 930 F.2d 35 [published in full-text format at 1991 U.S. App. LEXIS 8572, at *22–23] (10th Cir. Feb. 22, 1991) (unpublished table opinion); *Higgins v. Potter*, No. 08-cv-2646, 2011 U.S. Dist. LEXIS 93811, at *4–5 (D. Kan. Aug. 22, 2011). The fact Plaintiff Kuhler's savings account contains an amount more than the $2,204.18 requested weighs against denying or reducing costs (**Doc. 47 at 3**). Especially so, given

2

that Rule 54(d) creates a presumption for recovery. *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995).

Plaintiff Kuhler has not provided some "reason" to "penalize" Defendant for the denial of costs. *Rodriguez*, 360 F.3d at 1190. Nor does it appear that Plaintiff is unable to pay, as alleged (**Doc. 45**).

## CONCLUSION

Defendant's Motion to Tax Costs (**Doc. 44**) is **GRANTED**. In so doing, the Court **OVERRULES** Plaintiff's objections to the taxation of costs (**Docs. 45 & 46**) and **DENIES** the request to reduce/deny costs based on an alleged inability to pay.

The Court awards Defendant $2,204.18 in costs, as requested.

**IT IS SO ORDERED.**

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE